J-A16024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PATRICK GRIFFIN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ERIE INSURANCE EXCHANGE | |
| Appellee | No. 3350 EDA 2014 |

Appeal from the Judgment Entered October 16, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): August Term, 2013 No. 03348

BEFORE:  LAZARUS, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:              **FILED AUGUST 28, 2015**

Appellant, Patrick Griffin, appeals from the judgment entered on October 16, 2014.  We affirm.

The factual background and procedural history of this case are as follows.  Appellant is the sole member of Griffin Technologies Solutions, LLC ("GTS").  During the relevant time period, GTS had commercial liability and commercial automobile policies with Erie Insurance Exchange ("Erie").  The commercial automobile policy lists GTS as the only insured.  Appellant is listed as the owner of the vehicle covered by the policy.

At approximately 4:45 p.m. on August 2, 2012, Appellant was crossing the 4800 block of Broad Street in Philadelphia.  A vehicle operated by Michelle Howell struck Appellant.  Her automobile insurer, Omni Insurance Company, tendered the policy limit to Appellant.  Appellant's personal

* Retired Senior Judge assigned to the Superior Court

automobile insurer, Nationwide Insurance, tendered the full amount of his underinsured motorist coverage. This, however, was insufficient to cover Appellant's injuries. Appellant thereafter submitted an underinsured motorist claim to Erie. In that claim, he argued that he is a named insured under GTS' commercial automobile policy. Erie denied the claim because, in its view, Appellant is not a named insured under GTS' commercial automobile policy.

On August 29, 2013, Appellant filed a complaint against Erie seeking coverage under GTS' commercial automobile policy. On July 7, 2014, Appellant filed a motion for partial summary judgment and Erie filed a cross-motion for summary judgment. On October 16, 2014, the trial court denied Appellant's motion for partial summary judgment and granted Erie's motion for summary judgment. This timely appeal followed.[1]

Appellant presents two issues for our review:

1. Must a motor vehicle insurance policy provide underinsured motorist coverage to an injured person who: [i]s the sole owner and operator of his company; [s]igned an application for insurance that identified the applicant as an individual and not a corporation; [p]urchased underinsured motorist coverage; and, [p]aid increased premiums for underinsured motorist coverage?

2. When an insurance policy lists the sole owner of the company and the sole owner of the vehicle insured under the policy as

---

[1] The trial court did not order Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). Nonetheless, on December 17, 2014, the trial court issued an opinion explaining its rationale for granting Erie's motion for summary judgment.

a "[n]amed [i]nsured," must the policy provide underinsured motorist coverage to the owner of the vehicle?

Appellant's Brief at 4 (paragraph breaks omitted).

When reviewing a trial court's grant of summary judgment, our standard of review is *de novo* and our scope of review is plenary. ***Kennedy v. Consol Energy Inc.***, 116 A.3d 626, 634 (Pa. Super. 2015) (citation omitted). We must

> review[] all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will [the grant of summary judgment be affirmed]. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

***Criswell v. Atl. Richfield Co.***, 115 A.3d 906, 908–909 (Pa. Super. 2015) (citation omitted).

In order to dispose of Appellant's claims, we must interpret GTS' commercial automobile policy. As this Court explained:

> When interpreting an insurance policy, we first look to the terms of the policy. When the language of the policy is clear and unambiguous, we must give effect to that language. However, when a provision in the policy is ambiguous, the policy is to be construed in favor of the insured. Also, we do not treat the words in the policy as mere surplusage and, if at all possible, we construe the policy in a manner that gives effect to all of the policy's language.

***Indalex Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA***, 83 A.3d 418, 420–421 (Pa. Super. 2013) (internal quotation marks, citations, and ellipses omitted).

Although Appellant enumerates two questions, he essentially only presents one question – whether he is a named insured under GTS' commercial automobile policy.  He makes four arguments as to why he is a named insured: (1) the policy definition of "named insured" is ambiguous; (2) the declarations found in the Erie commercial automobile policy are ambiguous; (3) he meets the criteria for named insured status under the reasonable expectations doctrine; and (4) the policy was amended by the underwriter after the application was submitted.  He contends that because ambiguities in an insurance policy must be construed in favor of the insured, the policy should be construed so as to include Appellant as a named insured.  Erie, on the other hand, contends that the language of GTS' commercial automobile policy is clear and unambiguous as to who qualified as a named insured.  According to Erie, this clear and unambiguous language excludes Appellant.

First, Appellant argues that the definition of "named insured" is ambiguous.  The trial court, quoting verbatim from GTS' commercial automobile policy, held that "'named insured' means the subscriber named in item 1 on the declarations and others named in item 1 on the declarations."  Trial Court Opinion, 12/17/14, at 5, *quoting* Policy Change

Endorsement, at 2 (extraneous capitalization and punctuation omitted; emphasis removed).[2] Appellant argues that this is erroneous because the policy defines "subscriber" as "the person who signed, or the organization that authorized the signing of the [s]ubscriber's [a]greement." Policy, at 5. He reasons that the use of the term "subscriber" in the definition of "named insured" expands the scope of that term; and, the definition of "named insured" is broader than the definition used by the trial court.

This argument fails. In this case, GTS authorized Appellant to sign the subscriber's agreement on its behalf. Appellant did not sign the subscriber's agreement in his individual capacity. Thus, the definition of "named insured" used by the trial court is the correct definition and the definition of "subscriber" does not expand that definition. Applying that definition, the subscriber listed in item 1 on the declarations is "Griffin Technologies Solutions LLC." Declarations, at 1. Thus, under the plain language of the insurance policy, Appellant is not a named insured under GTS' commercial automobile policy.

Appellant next argues that the declarations page is ambiguous because it states that "unless otherwise indicated below, the named insured is the sole owner of each auto we insure." Declarations, at 1 (complete capitalization removed). This argument fails for two reasons. First, immediately after that statement the policy states that the owner of the

_____

[2] Item 1 on the declarations lists "Griffin Technologies Solutions LLC" as the named insured. Declarations, at 1.

vehicle insured by the policy is "Patrick Griffin." *Id.* at 2. Thus, the policy "indicates below" that the vehicle insured by the policy is not owned by a named insured. Instead, it is owned by an individual that is not a named insured, *i.e.*, Appellant. This buttresses support for reading the policy as including GTS as the sole named insured. Second, the provision of the declarations page Appellant references here is item 9. As noted above, the policy defines "named insured" by referencing only item 1 on the declarations, not item 9.

Appellant next argues that the trial court should have considered his reasonable expectations as it relates to the policy. The trial court held that the reasonable expectations doctrine does not cover commercial policies. We need not reach that issue, however, because this Court has held that "[a]n insured, however, may not complain that [his] reasonable expectations have been frustrated when the applicable policy limitations are clear and unambiguous." *Millers Capital Ins. Co. v. Gambone Bros. Dev. Co.*, 941 A.2d 706, 717 (Pa. Super. 2007), *appeal denied*, 963 A.2d 471 (Pa. 2008) (citation omitted). As noted above, the terms of the insurance policy are clear and unambiguous and, therefore, the reasonable expectations doctrine is inapplicable. Furthermore, even if we considered Appellant's reasonable expectations, we would reach the same result. When a limited liability company purchases commercial automobile insurance, the only reasonable

expectation is that the company, and not its members, is the named insured of the policy.

Finally, Appellant argues that the underwriter changed the policy after he submitted his application. Specifically, he argues that he listed himself individually as the named insured on the insurance application. This argument fails for two reasons. First, at the heart of Appellant's argument is the premise that GTS was not a legal entity capable of entering into contracts. **See** Appellant's Brief at 14 ("[T]here was no legal distinction between [Appellant] and [GTS]."). Appellant ignores the fact that "a limited liability company shall have the legal capacity of natural persons to act." 15 Pa.C.S.A. § 8921(a); **see also Fletcher-Harlee Corp. v. Szymanski**, 936 A.2d 87, 96 (Pa. Super. 2007), *appeal denied*, 956 A.2d 435 (Pa. 2008) (a corporate entity is legally distinct from its owners or members). Thus, there was a clear legal distinction between Appellant and GTS. Even if Appellant did not understand this basic distinction, Erie cannot be held responsible for Appellant's mistake of law.

Second, there is no evidence that the underwriter changed the policy after GTS submitted its application. Appellant contends that because the named insured on the application was "Patrick Griffin dba Griffin Technologies Patrick Griffin dba Griffin Technologies Solutions LLC," Application, at 1, the underwriter must have changed the policy after the application. We are not persuaded that the wording used on the insurance

application raised a genuine issue of fact regarding the accusation that the underwriter must have changed the policy. Viewed as a whole, the only reasonable interpretation of the application is that Appellant was seeking legal coverage for GTS and not himself.

First, it is clear on the application that it is for commercial automobile insurance – not personal automobile insurance. By its very nature, a commercial policy covers a company - it does not cover an individual. Second, Appellant did not list two named insureds. Instead, he listed only a single named insured. Erie was aware that Appellant had personal automobile coverage and that GTS was seeking commercial coverage. The application states, in at least two places, that the automobile covered by the policy is not owned by the applicant. *See id.* at 1, 2. Appellant was well aware that he owned the automobile listed in the application. Therefore, it is clear that the applicant, GTS, is a legal entity other than Appellant. The application also lists Appellant as the driver of the insured vehicle; however, the code for "insured" is not selected as to Appellant. *Id.* at 1. Instead, "other" is selected. *Id.* Although Appellant listed GTS' name incorrectly on the application, it is clear from the application that GTS was seeking coverage – not Appellant. Thus, the cases cited by Appellant for the proposition that an insurance company cannot change a policy after the application is submitted are inapposite. Therefore, we agree with the trial court that Appellant is not a named insured of GTS' commercial automobile

policy. As only the named insured is entitled to coverage, the trial court properly granted Erie's motion for summary judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2015